Dear Mr. Conley:
Our office is in receipt of a letter from you in response to Opinion 08-0039. Your letter provides that the opinion request did not reveal all of the applicable facts to the situation, and you have provided our office with further information. The issue presented to our office for review in Opinion 08-0039 concerned the authority of the City Council of Kenner to approve a salary adjustment of an appointed City employee in a supervisory capacity in an amount not to exceed the budgeted amount for that position, when an ordinance for doing so is before the City Council. Our office stated in Opinion 08-0039 that the City Council has the authority to approve a salary increase for an appointed City employee, and we issue this opinion to address whether the City Council has the authority to amend an ordinance submitted by the Mayor which proposes a salary increase for such an employee.
Your letter provides that in January of 2008, the Mayor of Kenner submitted two ordinances to be placed on the February 14, 2008 Kenner City Council Meeting Agenda. These ordinances proposed salary increases for the City Attorney and the Clerk of Court. When the Mayor proposed the raises, a Councilman made separate motions to amend the ordinances to increase the amount of the raises. Your letter asks our office to revisit Opinion 08-0039 with the additional information you have provided, and address whether or not the Kenner City Council has the authority to amend an ordinance to increase the amount of a raise above the amount submitted by the Mayor.
This issue involves an analysis of the separate powers of the City Council and the Mayor. Section 1.02 of the City of Kenner Home Rule Charter states: *Page 2 
 The City government provided by this Charter shall be known as the Mayor-Council form of government. It shall consist of an elected Council which shall constitute the legislative branch of government and an elected Mayor who shall be the Chief Executive Officer of the government.
Section 2.01 describes the legislative powers of the Council, by providing: "All legislative authority of the City shall be vested in the Council and exercised by it in the manner and subject to the limitations hereafter set forth in this Charter."
The following provisions of the Home Rule Charter are relevant in determining the function, power and responsibilities of the Mayor:
ARTICLE III. THE MAYOR Section 3.01, Executive Authority, The Mayor shall be the Chief Executive Officer of the City. All executive and administrative authority of the City shall be vested in the Mayor and exercised by him, in the manner and subject to the limitation as hereafter set forth in this Charter.
 Section 3.09, Powers and Duties, The Mayor in his executive capacity shall supervise and direct the operations of all departments of City government . . . He shall prepare and submit to the Council the pay plan for unclassified employees. He shall approve or reject the pay plan for classified employees prepared by the Civil Service Board, and, upon approval, shall submit the pay plan with the operating budget to the City Council for its acceptance or rejection. He shall prepare and submit to the Council the operating and capital budgets, and all other planning and programming documents as require Council approval . . .
 Section 3.10, Appointments, Except as otherwise provided in this Charter, the Mayor shall have the power to appoint and remove all non-elected City officials and employees, subject to the provisions of applicable state law and this Charter . . .
 Section 3.12, Interference with Administration, Except for the purpose of inquiries and investigations under Section 2.30, and except as provided in Section 4.09, the Council or its members shall deal with City officials and employees, who are subject to the direction and supervision of the Mayor, solely through the Mayor or his delegate, and neither the Council nor its members may give orders to any such official or employee, either publicly or privately. *Page 3 
ARTICLE IV. ADMINISTRATION Section 4.01, Organization and Control, Except for the Police Department, the administrative branch of City government shall be under the direction, control, and supervision of the Mayor. The Mayor shall carry out the policy direction of the Council.
 Section 4.03, Departments, There shall be departments of law, finance, public works, fire, police, planning, community service, personnel, and civil service. Except as provided in this Charter, the general internal organization, relationships, and the allocation of duties and responsibilities within these departments shall be established by the Mayor.
 Section 4.07, Employees, The Mayor is charged with the responsibility of employing and terminating all personnel of the City, except as otherwise provided by applicable state law and this Charter.
Of significance as well is Section 2.12(F), which sets forth the procedure for proposing an ordinance to increase the salary of an elected official or appointed City employee in a supervisory capacity. We restate our position in Opinion 08-0039 that the Council must approve such an ordinance. However, with the additional information you have provided our office, this opinion addresses whether the power and responsibility to propose the salaries of the employees is something that falls within the above described duties and power of the Mayor, and what position the Council sits in with regard to salary increases, considering Section 2.12(F) of the Home Rule Charter.
In Atty. Gen. Op. No. 03-0265, interpreting the Baker City Home Rule Charter, our office opined:
 In response to whether the City Council has the authority to supervise and direct the administration and operation of city employees, it is our opinion that this power is not vested in the City Council. Having the authority to supervise and direct the administration and operation of city employees, the Mayor has the authority to adjust a city employee's salary. Attached is Louisiana Attorney General Opinion Number 92-730 in which a similar issue was addressed. La. Atty Gen Op No. 92-730 states:
 While the legislative power is vested in the council, the City Council does not have unlimited power in connection with their legislative function under Sect. 2-01 (A).[1] The power to legislate would not allow them to infringe upon an area reserved to the Mayor, and any such ordinance would be *Page 4 
invalid. Bourgere v. Anzelmo, 517 So.2d 1121 (La. App 1987), Atty. Gen. Op. Nos. 90-112, 87-477.
 The salary changes must be within the allotted budget. As a matter of law under the Louisiana Local Budget Act, La.R.S. 13:1301, any method of payment which varies from the originally discussed and approved method must be reconsidered and approved by the board in an open and public meeting in order to be in compliance with the Open Meetings Law. Therefore, the authority to set employee salaries is vested in the Mayor as long as the salary changes do not affect the overall budget.
Baker, like Kenner, has a Home Rule Charter that vests executive and administrative authority in the Mayor, and the legislative authority in the City Council. In this opinion,
our office found that setting employee salaries falls under the executive and administrative authority of the Mayor.
Our office was asked in Atty. Gen. Op. No. 98-506 whether the City Council may approve a budget item increasing the salary of the City Clerk when the Mayor did not recommend the raise. Relying on the Minden charter, which provides in Section 4-01(D), "The salaries of the directors of the departments appointed by the mayor shall be set by the mayor subject to approval by the council by means of budget," our office stated that the Council may not raise the salary of the City Clerk. Finding a separation of powers analysis relevant, our office found, "[t]o increase the salary in the budget without a prior recommendation by the Mayor infringes upon his authority as set forth in the City Charter, and is invalid." Atty. Gen. Op. No. 98-506. Section 3.09 of the Kenner Home Rule Charter provides that the Mayor shall prepare and submit the pay plan for unclassified employees to the Council. According to the power of the City Council described in Section 2.12(F) of the Charter, the City Council has the authority to approve or reject a pay increase proposed by the Mayor, but they do not have the authority to adjust the salary to a different amount than recommended by the Mayor.
In Atty. Gen. Op. No. 81-777, our office interpreted the Monroe Home Rule Charter where, like Kenner's Charter, there is a clear separation of the executive and legislative authority of the Mayor and City Council. When asked whether the Monroe City Council had the authority to establish the salary level for individual employees, our office answered in the negative, reasoning that there is a clear separation of executive and legislative authority, which was reinforced by a provision that prohibited the council from involving themselves in any manner in the "appointment, removal, direction or supervision of any City administrative officer or employee." Atty. Gen. Op. No. 81-777. Section 3.12 of the Kenner Home Rule Charter, which is provided in full above, states that the City Council shall only deal with "City officials and employees who are subject to the direction and supervision of the Mayor" through the Mayor or his delegate. Although these provisions of the two different charters are not identical in nature, our office interpreted the Monroe Charter provision by stating that "[i]t would be unrealistic to take the position that the exercise of authority to adjust an individual's salary is not an *Page 5 
involvement in supervision over that individual employee." Atty. Gen. Op. No. 81-777. The fact that the issue before this office in Atty. Gen. Op. No. 81-777 is similar to the issue before us in this opinion is not dispositive that the conclusion will be the same since this issue deals with the interpretation of each individual City's Home Rule Charter. In this instance, we find the result to be the same, because the issue is ultimately about whether or not the right to provide a salary increase is something that qualifies as supervision of an employee. Section 4.01 of the Kenner Home Rule Charter provides that the "administrative branch of City government shall be under the direction, control, and supervision of the Mayor." Additionally, Section 3.09 states "The Mayor, in his executive capacity shall supervise and direct the operations of all departments of City government." Our office is of the opinion, reaffirming our view in previous opinions, that adjusting an individual's salary is an involvement in the supervision of that employee. Therefore, the authority to propose a salary adjustment lies with the Mayor. Pursuant to Section 2.12(F), the Council has the right to approve or reject a salary adjustment to an individual employee that is made by the Mayor. However, the Council may not amend an ordinance to provide for a larger increase for that individual employee than was proposed by the Mayor.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC:EAB
[1] Please note that specific to the City of Kenner, the legislative function of the Kenner City Council is addressed in Section 2.01 of the Kenner Home Rule Charter.